Mr. Terry Traylor #224
Special Treatment Unit
8 Production Way
P.O. Box CN 905
Avenel, New Jersey 07001-0905

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2018 MAY 22 ⊃ 2: 47

Mr, William T. Walsh, Clerk
Office of the Clerk
United States District Court
District of New Jersey
Martin Luther King, Jr.
Federal Bld. & U. S. Courthouse
50 Walnut Street
Newark, New Jersey 07101-0419

May 18, 2018

    Re:  Terry Traylor, et al., v. Gary Lanigan, et al.,
        District Court Docket No.16-7691 (MCA)

Dear Mr. Walsh,

    Please find enclosed an original and one (1) copy of a "Second Amended Complaint".
Please understand I am unable to afford the copies and mailing according to the Court Rules.
If you could kindly file the enclosed Complaint and return a copy stamped "Filed". It would be
greatly appreciated.

    I Thank you for your time and attention in this matter.

Respectfully submitted,

Terry Traylor, Pro se Plaintiff

CC:

    Mr. Mark D. McNally, D.A.G.
    File

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRY TRAYLOR, THOMAS FLANAGAN, : <br> RALPH WALDRON, and JOEL E. DURMER,: <br> on behalf of themselves and all : <br> Others Similarly situated | |
| PLAINTIFFS | Case #: 16-7691 (MCA) |
| Vs. | Pursuant to 42 U.S.C. § 1983 <br> 28 U.S.C. §1367 (b) <br> N.J.S.A. 30:4-27.24 et seq. |
| GARY LANIGAN; ELIZABETH CONNOLLY; : <br> SHERRY YATES; ERICA STEM; MERRILL: <br> MAIN; HEATHER BURNETT; AND JOHN : <br> AND JANE DOES, ONE THROUGH TWENTY : | |
| DEFENDANTS | **SECOND AMENDED COMPLAINT** |

The named Plaintiffs, individually and on behalf of all others similarly situated, by this complaint against the defendants, hereby allege as follows:

1.   Defendants have individually and collectively housed and confined Plaintiffs in prison like conditions including: having, caused Plaintiffs to be locked in rooms far in excess of the general population of the Special Treatment Unit ("STU"), denied Plaintiffs access to recreational and therapeutic programs available to the general population of the Special Treatment Unit, limited movement within the STU in excess of the limits placed on the General Population of the STU, allowed Restrictions on property, packages, food, clothing, and media access to be decided solely by Corrections Personnel without reference to Treatment needs, mental health needs, and deprived Plaintiffs of access to, and possession of, property, packages, food, clothing, and

1

media access, with no: due process, hearing, judicial or quasi judicial proceeding of any sort.

2. That the above actions have been taken not as security measures or to further therapeutic goals; but were and are taken in order to compel Plaintiffs to recite versions of their life histories, criminal case histories, and current mental states which are based not on true and accurate recollections, recollections to the best of the Plaintiffs knowledge and ability, or other sincere efforts at recalling actual events; but which conform to the preconceived notions and expectations of the STU Treatment Staff and are to be presented to the New Jersey Courts in furtherance of the objective of continuing the Plaintiffs Civil Commitment past the time of any genuine medical, legal, and/or public safety requirement contemplated by N.J.S.A. 30: 4-27-24 et seq. The New Jersey Sexually Violent Predators Act ("NJ SVP-Act").

3. Further, Plaintiffs allege by this Complaint that the Defendants are denying them sex offender treatment or an alternative to the treatment. Whereas, the Plaintiffs are being denied sex offender treatment because they will not talk about their sex lives nor the crime[s] for which they were incarcerated for because of their religious beliefs. Therefore, the Plaintiffs are not refusing treatment. The Defendants are refusing to provide them treatment without any alternatives. So in other words, they are not refusing the treatment, the Defendants are refusing to provide them the treatment.

2

4.   Further, Plaintiffs allege by this Complaint that the
Defendants have taken the above actions, and other actions to
be amended and more particularly described as discovery
permits, for the purposes of compelling Plaintiffs to discuss
and disclose, outside of court, in the absence of their
attorneys, material facts pertaining to ongoing criminal
cases, whether under appeal, motion for post Conviction
relief, uncharged offenses, dismissed offenses and any other
manner of unresolved criminal matter before the court.   These
actions are violations of Plaintiffs rights to Due process,
protections against self incrimination, and the right to
counsel in as much as Plaintiffs are being compelled to
discuss and disclose matters which they have been advised by
their respective attorneys to remain silent upon and to
refrain from discussing with anyone outside of Court.
5.   Plaintiffs further allege by this complaint that
Defendants actions violate N.J.S.A., Chapter 35 Special
Treatment Units 10:36A and 10A:35 by depriving Plaintiffs of
the protections of that Statute, Specifically Resident
Personal Property is routinely held and/or confiscated with
out written notice as the above Statute requires, and as
protected by the New Jersey State Constitution Article One,
Paragraph One. This denial further constitutes a denial of
due process of law as protected by the United States
Constitution Fifth and Fourteenth Amendments.   Specific
instances of property held and confiscated will be amended as
discovery permits.

3

6. Beginning on or about April 1, 2017, and ongoing and continuous to the present, all Residents housed on the South Unit of the Special Treatment Unit, including named Plaintiffs and others, have been restricted and prevented from attending any religious services, Bible Study, Jumah, Mass, and/or any other religious activities, in violation of their right to Freedom of Religion as protected by the United States and Constitution First Amendment and New Jersey Constitution Article One, Paragraph Three, and as defined in N.J.S.A., Chapter 35 Special Treatment Units 10:36A and 10A:35.

7. Plaintiffs are largely unable to provide specific details of many incidents and actions of Defendants due to the "security and treatment" restrictions placed, by the Defendants, on access to Plaintiffs own treatment records. Plaintiffs will amend this fault as soon as discovery permits.

8. Previously dismissed federal civil actions or appeals:

    a.    Edward Salerno, et al v. Jon Corzine, et al

    b.    Case Number:15-3311, District Case Number: 2-06-cv-03547

    c.    The above Complaint presented the question "Do the Plaintiff's have a State and Federal Constitutional right to refuse Treatment and not be punished for exercising that Right?" The Issue was never addressed.

    d.    Approximate date of filing lawsuit: June 13, 2007

4

e.   Approximate date of disposition: May 27, 2016

## JURISDICTION AND VENUE

9.   This Court has jurisdiction under 28 U.S.C. 1331.
Plaintiff asserts claims under 42 U.S.C. § 1983 for
deprivation of Federally Protected Right Secured under the
First, Fifth, and Fourteenth Amendments to the United States
Constitution.  Supplemental Jurisdiction over State Law
claims is proper under 28 U.S.C. § 1367 since the selfsame
acts complained of under federal law are violations of the
right to treatment under the "New Jersey Sexually Violent
Predators Act" Title 30 Institutions and Agencies New Jersey
Statutes 30:4-27.24 ("NJ SVP-Act").  Due Process rights are
violated by the deprivation of protections and rights secured
by N.J.S.A., Chapter 35 Special Treatment Units 10:36A and
10A:35, as well as rights secured under the New Jersey State
Constitution.

10.  All named Defendants and John/Jane Does One through
Twenty are residents of and/or are employed in the State of
New Jersey within this Court's jurisdiction. All named
Plaintiffs are civilly committed pursuant to N.J.S.A. 30: 4-
27-24 et seq.  The New Jersey Sexually Violent Predators Act
("NJ SVP-Act"), at the Special Treatment Unit, ("STU") 8
Production Way, Avenel, N.J. 07001,

11. Venue is proper in this court in that named defendants
and John/Jane Does one through twenty work, maintain offices
in and/or enforce the laws relevant to this litigation within

5

the State of New Jersey and are under the jurisdiction and control of the Department of Corrections and/or The Department of Human Services of the State of New Jersey.

## PARTIES

### Plaintiffs

12. Plaintiff Terry Traylor is currently civilly committed to the Special Treatment Unit (STU). Plaintiff Traylor was involuntarily civilly committed pursuant to the N.J. SVP-ACT on or about May 31, 2002 by the Superior Court of Essex County, Newark, NJ, and is now housed in the East Jersey State Prison Administrative Segregation Building (South Unit) in Avenel, New Jersey, pursuant to the New Jersey Sexually Violent Predator Act ("N.J. SVP-Act") N.J. Stat. Ann.§ 30:4-27.24.

13. Plaintiff Thomas Flanagan is currently civilly committed to the Special Treatment Unit (STU). Plaintiff Flanagan was involuntarily civilly committed pursuant to the N.J. SVP-ACT on or about September 27, 2004 by the Superior Court of Essex County, Newark, NJ, and is now housed in the East Jersey State Prison Administrative Segregation Building (South Unit) in Avenel, New Jersey, pursuant to the New Jersey Sexually Violent Predator Act ("N.J. SVP-Act") N.J. Stat. Ann.§ 30:4-27.24.

14. Plaintiff Ralph Waldron is currently civilly committed to the Special Treatment Unit (STU). Plaintiff Waldron was involuntarily civilly committed pursuant to the N.J. SVP-ACT

6

on or about December 15, 2003 by the Superior Court of Essex
County, Newark, NJ, and is now housed in the East Jersey
State Prison Administrative Segregation Building (South Unit)
in Avenel, New Jersey, pursuant to the New Jersey Sexually
Violent Predator Act, N.J. Stat. Ann.§ 30:4-27.24.
15. Plaintiff Joel E. Durmer is currently not civilly
committed to the Special Treatment Unit (STU). Plaintiff
Durmer was involuntarily civilly committed pursuant to the
N.J. SVP-ACT on or about November 1, 2013 by the Superior
Court of Ocean County, Toms River, NJ, and is now housed in
the East Jersey State Prison Administrative Segregation
Building (South Unit) in Avenel, New Jersey, pursuant to the
New Jersey Sexually Violent Predator Act, N.J. Stat. Ann.§
30:4-27.24.

## Defendants

16. Defendant Gary Lanigan is the Commissioner of the
Department of Corrections ("DOC") at all times relevant to
the events and actions described herein. At all relevant
times, Defendant was acting under the color of state law.
Commissioner Lanigan is responsible for the administration
and operation of the DOC and holds supervisory authority and
responsibility for promulgating, approving, and implementing
all DOC policies, practices and procedures, for the care
custody and control of the Plaintiff during Plaintiff's
commitment to the STU. Commissioner Lanigan knew or should
have known about all DOC policies, practices, and procedures
concerning the DOC's conduct of its duties on a day to day

basis at the STU and the actions of Corrections Officers that resulted in the violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, under the NJ SVP-Act, and under N.J.S.A., Chapter 35 Special Treatment Units 10:36A and 10A:35, as alleged herein.

17. Defendant Elizabeth Connolly is the Commissioner of the Department of Human Services ("DHS") at all times relevant to the events and actions described herein. At all relevant times, Defendant was acting under the color of state law. Commissioner Connolly is responsible for the administration and operation of the DHS and holds direct supervisory authority and responsibility for promulgating, approving, and implementing all DHS policies, practices and procedures, for the mental health treatment of the Plaintiff during Plaintiff's commitment to the STU. Commissioner Connolly knew or should have known about all DHS policies, practices, and procedures concerning the DHS personnel conduct of their duties on a day to day basis at the STU and the actions of its employees that resulted in the violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, under the NJ SVP-Act, and under N.J.S.A., Chapter 35 Special Treatment Units 10:36A and 10A:35, as alleged herein.

18. Defendant Sherry Yates Administrator Adult Diagnostic And Treatment Center/Special Treatment Unit, is or was at all times relevant to the events and actions described herein. Administrator Yates is or was responsible for the

8

administration and operation of the DOC and holds supervisory authority and responsibility for promulgating, approving, and implementing all DOC policies, practices and procedures, for the care custody and control of the Plaintiff during Plaintiff's commitment to the STU. At all relevant times, Defendant was acting under the color of state law. Administrator Yates knew or should have known about all DOC policies, practices, and procedures concerning the DOC's conduct of its duties on a day to day basis at the STU and the actions of Corrections Officers that resulted in the violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, under the NJ SVP-Act, and under N.J.S.A., Chapter 35 Special Treatment Units 10:36A and 10A:35, as alleged herein.

19. Defendant Erica Stem Assistant Superintendent, at all times relevant to the events and actions described herein. Erica Stem Assistant Superintendent, is or was responsible for the administration and operation of the STU and holds supervisory authority and responsibility for promulgating, approving, and implementing all DOC policies, practices and procedures, for the care custody and control of the Plaintiff during Plaintiff's commitment to the STU. At all relevant times, Defendant was acting under the color of state law. Asst. Super. Stem, knew or should have known about all DOC policies, practices, and procedures concerning the DOC's conduct of its duties on a day to day basis at the STU and the actions of Corrections Officers that resulted in the

9

violations of Plaintiff's rights under the Fourteenth
Amendment to the United States Constitution, under the NJ
SVP-Act, and under N.J.S.A., Chapter 35 Special Treatment
Units 10:36A and 10A:35, as alleged herein.

20. Defendant Merrill Main, Ph.D. is, and was at all times
relevant to the instant Complaint, the Clinical Director of
the Special Treatment Unit and responsible for implementing
and pursuing the policies put forth by the Department of
Human Services in a therapeutic environment, and seeing to
the mental health and special needs of the residents of the
facility. Defendant Merrill Main, Ph.D. is sued herein in
his personal, professional and official capacity. At all
relevant times, Defendant was acting under the color of state
law. Defendant Merrill Main, has direct control of and knew
or should have known about all DHS policies, practices, and
procedures concerning the actions of DHS personnel. Defendant
Main knew or should have known about all DHS policies,
practices, and procedures concerning the DHS's conduct of its
duties on a day to day basis at the STU and the actions of
DHS personnel that resulted in the violations of Plaintiff's
rights under the First , Fifth and Fourteenth Amendment to
the United States Constitution, The New Jersey State
Constitution, under the NJ SVP-Act, and under N.J.S.A.,
Chapter 35 Special Treatment Units 10:36A and 10A:35, as
alleged herein.

21. Defendant Heather Burnett is the social worker supervisor
of the Special Treatment Unit who oversees the day-to-day job

10

responsibilities of those hired to help residents in their therapeutic goals and needs at the Special Treatment Unit. Defendant Heather Burnett is sued herein in her personal, professional and official capacity. At all relevant times, Defendant was acting under the color of state law. Defendant knew or should have known about all DHS policies, practices, and procedures concerning the DHS's conduct of its duties on a day to day basis at the STU and the actions of DHS personnel that resulted in the violations of Plaintiff's rights under the First, Fifth and Fourteenth Amendment to the United States Constitution, The New Jersey State Constitution, under the NJ SVP-Act, and under N.J.S.A., Chapter 35 Special Treatment Units 10:36A and 10A:35, as alleged herein.

22. Defendants John and Jane Does One Through Twenty are fictitious designations, to be amended as discovery permits, representing, Psychologists, Licensed Clinical Social Workers, Social Workers, any other mental health professionals, DOC Personnel, any and all employees, agents, facilitators, administrators, and/or any other person or persons employed and/or assigned to any function whatsoever, by, for, or at the Special Treatment Unit pursuant to New Jersey Sexually Violent Predator Act ("NJ SVP-Act"), N.J. Stat. Ann.§ 30:4-27.24, and/or employed by the State of New Jersey Departments of Corrections, Health, and/or Human Services pursuant to the NJ SVP-ACT. Defendants are sued herein in their personal, professional and official capacity.

11

At all relevant times, Defendants were acting under the color
of state law.  Defendants knew or should have known about all
DHS and/or DOC policies, practices, and procedures concerning
the DHS and DOC's conduct of their duties on a day to day
basis at the STU and/or directly participated in the actions
of DHS and DOC personnel that resulted in the violations of
Plaintiff's rights under the First, Fifth and Fourteenth
Amendment to the United States Constitution, The New Jersey
State Constitution, under the NJ SVP-Act, and  under
N.J.S.A., Chapter 35 Special Treatment Units 10:36A and
10A:35, as alleged herein.

23. Plaintiffs have previously have sought both formal and
informal relief from the appropriate officials regarding the
acts complained of in herein. Plaintiffs have attempted to
resolve these issues through remedy forms, court filings, and
appeals to both commissioners of the DOC and DHS, and have
been unable to find relief from the conditions, actions, and
situations complained of herein.

**STATEMENT OF CLAIMS:**

24.  The Defendants, both singularly and in cooperation with
each other, in their personal, professional and official
capacities, have violated Plaintiffs' United States
Constitutional rights to, Free speech, Due Process and Equal
Protection under the law, as protected by the First, Fifth
and Fourteenth Amendment, and as set fourth above Defendants
have engaged in violations of Plaintiff's rights under the
New Jersey State Constitution, under the NJ SVP-Act, and
under N.J.S.A., Chapter 35 Special Treatment Units 10:36A and
10A:35.

25.  This complaint asserts a civil rights action pursuant to
Title 42 of the United States Code, § 1983 for Declaratory
and Injunctive relief to redress violation of the United
States Constitution in connection with the complete and utter
failure of the Defendant's and/or those acting under their
control or direction to provide adequate and meaningful
mental health treatment to the named Plaintiff's and all
other's similarly situated that have been involuntarily
detained by the Joint Action of the New Jersey Departments of
Human Services (DHS)[1] and Corrections (DOC), pursuant to the
New Jersey Sexually Violent Predator Act N.J.S.A.  30:4-27.28
et. seq.  The purpose of the N.J. SVP-ACT is to provide
mental health treatment and care to individuals in the
custody of DOC and DHS in the least restrictive manner
consistent with the person's need and in accordance with the
court's commitment order. The treatment and care provided by

13

the Defendant's to the Plaintiff's and all others similarly
situated is punitive and Constitutionally inadequate.

## BACKGROUND

26. The N.J. SVP-ACT provides for the civil commitment to the
custody of Special Treatment Unit of persons who, pursuant to
the N.J. SVP-Act, the State as Petitioner in New Jersey
Superior Court, is required to prove:

"**(1)** the individual has been convicted of a sexually

violent offense; **(2)** he suffers from a mental abnormality

or personality disorder; and **(3)** as a result of his

psychiatric abnormality or disorder, it is highly likely

that the individual will not control his or her sexually

violent behavior and will sexually reoffend."

(Summary from I.M.O. The Civil Commitment of R.F. SVP 490-08
(A-10-12) (070552, 217 NJ 152 (2014) quoting IMO the
Commitment of W.Z. 173 NJ 109.)

---

1. As of 2017, by executive order, all functions of the STU
administration formerly under the jurisdiction of the N.J.
Department of Human Services are now administered by the N.J.
Department of Health ("DOH"). As of this writing, no
functional changes or changes of personnel have resulted from
that transfer. Any reading of DHS or DOH should be construed
as identical for the purposes of this Complaint.
27. Persons may be detained pursuant to the N.J. SVP-ACT

prior to a final civil commitment hearing if there is

probable cause to believe that conditions (1), (2), and (3)

above are met.

28. Although  the purpose of the N.J. SVP-ACT is not to

14

punish, but instead is to provide for the segregation and treatment of persons with a mental abnormality or personality disorder, Plaintiffs have not received adequate treatment and have been confined in punitive conditions that are not rationally related to the purposes of the N.J. SVP-ACT.

29. This action challenges under, 42 U.S.C § 1983, violations of the Due Process Clause of the Fifth, and Fourteenth Amendment the punitive conditions and the inadequate treatment received by the named Plaintiff's and all others similarly situated. Specifically, this action challenges the decision of the Defendants to "Warehouse" and put out of sight the  Plaintiff's and all others similarly situated in attempt to hold them indefinitely and to punish, rather than treat their perceived mental disabilities.

30. This action seeks declaratory and injunctive relief for violations of United States Constitutional rights to, Free Speech, Free Exercise of Religion, Due Process and Equal Protection Under the Law, as protected by the First, Fifth and Fourteenth Amendment, and as set fourth above violations of Plaintiff's rights under the New Jersey State Constitution, under the NJ SVP-Act, and  under N.J.S.A., Chapter 35 Special Treatment Units 10:36A and 10A:35.

## CLASS ALLEGATIONS

31. This case is brought on behalf of a class that consist of all persons who have been, are or will be committed under the N.J. SVP-ACT and placed in the custody of The Special Treatment Unit ("STU").

32. As such, the class is so numerous that joinder of all members is impracticable within the meaning of Rule 23(a)(1). 33. There are multiple questions of law and fact common to all Class members, as required by Rule 23(a)(2).

34. All Class members will benefit from the amelioration of the conditions at (STU). Plaintiffs' interests in successfully resolving this action are thus consistent with the interests of all other Class members, and there is no actual or potential conflict between the Plaintiffs and members of the Class.

35. This is an action for declaratory and injunctive relief only. Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole, thereby satisfying the requirement of Rule 23(b)(2).

36. The population in the custody of the STU exceeds four hundred and fifty (450) individuals and is constantly growing larger as new persons are detained and civilly committed under the N.J. SVP-ACT. Any one of those four hundred and fifty plus individuals may at any time be declared a "Treatment Refuser" and with no due process, hearing, judicial or quasi judicial proceeding of any sort, be stripped of all personal property, denied access to religious services, placed in a locked down unit, and subjected to a host of deprivations not inflicted on the general population of the STU. Due to the size of the class, and these question

predominate (as do claims arising out of the selfsame actions
and omissions described above) over those affecting only
individual class members.

37. The First question of Law common to all class members is
whether the mental health treatment and care provided by the
defendants, or those acting under their control and/or
direction, comports with the requirements of the Due Process
Clause of the United States Constitution, the equal
Protection Clause of the Federal Constitution, and with New
Jersey State Law?

38. The Second question of law, common to all class members
is do the Plaintiff's have a State and Federal Constitutional
Right to refuse Treatment and not be punished for exercising
that Right?

39. Plaintiffs reserve the right to amend additional
questions of law and fact as revealed in the course of the
discovery process.

40. Plaintiff's claims are typical of the claims of the class
members. All are based on the same factual and legal theories
in that they have all suffered as a result of the
unconstitutional policies and practices alleged in this
complaint.

41. Plaintiff's will fairly and adequately represent the
members of the class and have no interests antagonistic to
the class.

42. A class action is superior for the fair and efficient
adjudication of this matter, in that the Defendant's , by

17

creating and maintaining the practices alleged in this
complaint, have acted on grounds generally applicable to the
class, and as a result, declaratory and injunctive relief
with respect to the entire class is appropriate.

## CAUSES OF ACTION

43. Defendants, are sued herein in their personal,
professional and official capacity. At all relevant times,
they were acting under the color of state law. They are
collectively responsible for the policies and procedures
controlling the manner and method of Plaintiff's confinement
and manner and method of their mental health treatment.
44. The Fourteenth Amendment Due Process Clause requires
states to provide civilly committed persons with access to
mental health treatment that is at least minimally adequate
and gives them a realistic opportunity for their conditions
to similarly situated are not prisoners, they are entitled to
more considerate treatment and conditions of confinement than
criminals whose conditions of confinement are designed to
punish.
45. The Plaintiff and all others similarly situated are being
denied meaningful mental health care treatment that gives
them realistic opportunity for their conditions materially to
improve because, among other things, the Defendants have
failed:

(a)     To property train staff regarding the treatment of
        sexual deviance;

18

(b)     To provide a coherent and meaningful
        individualized treatment program for each detainee
        with understandable goals and a road map showing
        steps necessary for improvement and release;

(c)     To make adequate provisions for the participation
        of detainees; family members in rehabilitation
        efforts, including permitting family visits with
        reasonable frequency and allowing prompt telephone
        access to detainees in case of family emergency;

(d)     To draft and implement fair and reasonable
        grievance procedures and behavior management
        plans;

(e)     To afford reasonable opportunities to all
        residents for Educational, Religious, Vocational,
        and recreational activities;

(f)     To cease requiring as a precondition to
        participation in all but the most basic treatment
        offered by (DHS), and therefore, as a predicate to
        release, that the Plaintiffs and others similarly
        situated detainees to admit to comprehensive
        listing of unproven, real and imagined past and
        in violation of the Plaintiff's Fifth Amendment
        protection against self incrimination applies to
        the States by the Fourteenth Amendment; and

(g)     To institute procedures to guarantee appropriate
        therapist/patient confidentiality.

46. The aforesaid failure to provide constitutionally

19

adequate treatment is a substantial departure from accepted professional judgment, practice or standards and demonstrates that the Defendant's did not base their decisions on such professional judgment.

47. Instead of providing treatment and conditions that are rationally related to the purposes of Plaintiff's confinement. Defendant's are abusing the N.J. SVP-ACT that was initiated over eighteen  years ago, no more than a handful of detainees have been permitted to successfully complete the Defendant's treatment program to the point where the Defendant's recommended their discharge to the Courts. Defendant's erect one arbitrary barrier after another to prevent Plaintiff's from progressing to the point where the Treatment Team will recommended their release, including requiring participants in the program to confess to crimes both unproven and uncharged.

48. The Plaintiff and all others similarly situated are being held in conditions that are more restrictive than the conditions under which the Plaintiffs were confined when they were incarcerated as criminals prior to their civil commitment under the N.J. SVP-ACT. These conditions are unrelated to the security or treatment needs of the SVP population and are purely punitive in nature and continue to be enforced as retaliatory measures.

## Relief Sought:

49. The Plaintiffs and similarly situated residents ask the

Court for the following:

50. To rule that the Plaintiffs have a Constitutional Right
to refuse Treatment and not be punished for exercising that
Right.

51. Order that all named Plaintiffs and others similarly
situated are not to be denied employment, property, the
opportunity for physical exercise, the exercise of religious
freedom are, that they not to be segregated in a Housing Unit
and not allowed to socialize with other Residents in
retaliation for exercising the right not to participate in
any mental health treatment program, or for any other reason
not reasonable related to safety security and/or in violation
of State and Federally protected rights.

52. A temporary restraining order/injunction to prevent
retaliation by both DOC and DHS, in that DOC uses abrupt
cell-to -cell moves as retaliation, and to intimidate, while
DHS uses Treatment Probation/Treatment Refusal to punish and
retaliate when their wishes are not followed, to the letter.
In several instances, residents who are already civilly
committed or simply temporarily detained affirms the right
not to discuss the offense(s) they are charged with, even if
they are on appeal in the criminal venue, or the resident's
lawyer instructs them to remain silent regarding the issue.
They are retaliated against and intimidated for not
participating in any mental health treatment program.

53. That DOC Personnel be trained to act more professionally
in a therapeutic environment, unless the Court, after a full

hearing on the subject, believes that DOC should be severed
from the  N.J. SVP-Act.

54.  Instruct DOC and DHS to develop an actual Patient's Bill
of Rights through the Interagency Oversight Board, Mandated
by the SVP-Act, that will offer equal protection under the
law to STU substantially similar to those persons being
treated in other New Jersey Civil Commitment facilities, such
as Ann Klein, Trenton Forensic Hospital or Ancora State
Hospital.

55.  That DHS be ordered to develop specific policies
regarding how those are committed pending their final
commitment hearing and not yet committed for treatment; to
protect the rights of Residents with criminal matter still in
the appeal process; those who's those cases under direct or
collateral attack and are not open to discussion per the
instructions of Counsel Further, that DHS be enjoined from
any practices that are designed to intimidate, threaten,
bully, or coerce  Residents into a discussions they have been
instructed by counsel not to avoid.

56.  That the Treatment Team be enjoined immediately by this
Court from classifying any Resident as a Treatment Refuser if
that resident is under appeal or pursuing a collateral attack
on his conviction, is not yet committed, and has been advised
by the Court and/or counsel under **George Bender vs.**

**N.J.D.O.C.,**  (2003) not to discuss any particulars of his
case.

57.  Plaintiffs Request a trial by Jury

22

57. Plaintiffs reserve the right to amend this complaint to bring it into compliance with the court's directions, should amending it be found necessary or at the direction of the Court.

Plaintiffs:

_____      _____      _____      _____
Terry Traylor                  Date                 Thomas Flanagan               Date

_____      _____      _____      _____
Ralph Waldron                  Date                 Joel E. Durmer                Date

23

Mr. Terry Traylor #224
Special Treatment Unit
8 Production Way
P.O. Box CN 905
Avenel, New Jersey 07001-0905

Mr, William T. Walsh, Clerk
Office of the Clerk
United States District Court
District of New Jersey
Martin Luther King, Jr.
Federal Bld. & U. S. Courthouse
50 Walnut Street
Newark, New Jersey 07101-0419

May 18, 2018

    Re: Terry Traylor, et al., v. Gary Lanigan, et al.,
        District Court Docket No.16-7691 (MCA)

Certificate of Service

Dear Mr. Walsh,

    Please be advised that as of  May 18, 2018, the enclosed copy of Pro Se Plaintiff's
Second Amended Complaint has been provided to the below-listed party. By placing said
mentioned document in a postage-paid envelope and mailing said envelope via United States
mail this 18th day of May, 2018 to:

                Mr. Mark D. McNally, D.A.G.
                Office of the Attorney General
                P.O.Box 112
                Trenton, New Jersey 08625-0112

    I certify that the above mention document was given to the D.O.C. Officials on May 18,
2018, for regular Mailing.

    I, Terry Traylor, hereby certify under penalty of perjury that the foregoing statements
made by me are true and correct.

Date: _May 18, 2018_

                                        Terry Traylor, Pro se Plaintiff

CC: File