Mr. Terry Traylor #224
East Jersey State Prison
Administrative Segregation Building
Special Treatment Unit
8 Production Way
Avenel, New Jersey 07001-0905

RECEIVED IN THE CHAMBERS OF

JUL 2 6 2018

HON. MADELINE COX ARLEO

Mr. William T. Walsh, Clerk
c/o Hon. Judge Madelene Cox Arieo, (U.S.D.J.)
Office of the Clerk
United States District Court
District of New Jersey
Martin Luther King Bld. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101-0419

July 21, 2018

    RE:  Addendum to Case
         Terry Traylor, et al., v. Gary Lanigan, et al.,
         District Court Docket No. 16-7691 (MCA)

Dear Mr. Walsh,

    Please find enclosed an original of a request to the Court. I am asking the Court to add the enclosed be Addendum to the above captured.

    Thank you for your time, attention and understanding and for allowing this addendum to be added to the Court record.

Respectfully submitted,

_/s/ Terry Traylor_
Terry Traylor, Pro se Plaintiff

    I. Terry Traylor, hereby certify under penalty of perjury that the foregoing statements made by me are true and correct.

Date: _July 21, 2018_

_/s/ Terry Traylor_
Terry Traylor, Pro se Plaintiff

CC: File

ADDENDUM TO CASE
================

On June 15, 2018, at 9:35 am, as per the orders of Lt. Estrada, Major Foley, and the S.O.G. Correctional Officers, "All movements to treatment groups are terminated and some are cancelled. The West unit correctional officers [SCO Mandara and SCO Ms. Matthews] told every resident to lock in their cells.

No codes were called, no fights took place nor were there medical codes or emergencies called. We were locked in our cells for no other reason than Dept. of Cor-corections. The therapists weren't allowed behind the walls until Major Foley and the S.O.G. Correctional Officers finished making their rounds through this correctional facility.

As always, the D.H.S./D.O.H. directors [Merrill Main/Shalilay Adams] and the Treatment Staff [J. Ottino, Ms. Madru, Ms. Cahill, Ms. Close, Mr. Van Pelt, etc.] turned their backs to the constant chronology of events of constant interference of D.O.C. in treatment issues by D.O.C. higher-ups, as well as their subordinates who always tell us (Residents) that they are "only following orders" from their supervisors.

Courts have ruled time and again that interference with the treatment judgment by non-treatment factors can include staffing that is so inadequate that treatment personnel's lack of time to do their jobs, lack of facilities and proper diagnoses, along with treatment rules and procedures, restrictions/restricting treatment are "non-treatment grounds".

Courts have also concluded that defendants who purposely and knowingly stopped residents from receiving treatment is a violation of Due Process and Equal Protection rights guaranteed by the Fourteenth Amendment to the United States Constitution.

Deliberate indifference to serious medical needs/Serious Treatment needs of Residents constitutes Cruel and Unusual Punishment, a violation of the 8th Amendment to the United States Constitution. This is true whether the indifference is manifested by prison guards/treatment staff are intentionally denying or delaying access to treatment or intentionally interferring with the court's prescribed treatment.

On July 15, 2018, at 7 am, as Sgt. Orange was making his unit tour, I asked about why all of the phones on the West, North, East and South units are still off. I was told by Sgt. Orange that the phones would not be turned on until some time on Monday, and walked away.

These constant actions of institutional punishment is inflicted upon the residents of the S.T.U., located on the grounds of East Jersey State Prison Ad-Seg unit has gotten completely out of control. When we exercise our First Amendment rights towards the tearly inspection, food being contaminated with bird droppings, birds having plucking holes in loaves of bread, spoiled bagged food and expired meat products.

The supervising I.T.I., Ms. Motley, tells her subordinates to still serve this food to the resident population with no regard to any resident's health and safety. The other I.T.I.s, Mr. Dorfman and Mr. Muhommid serves spoiled/expired food to the population of the E.J.S.P. AD-Seg unit which contains the S.T.U.

Courts have ruled that the 8th Amendment is violated by serious defective kitchen appliances, infestations of vermin, (water bugs, birds in the litchen, etc.) or lack of arrangements towards resolving these serious problems.

Courts have further held that deliberate indifference can be shown by "repeated examples of negligent acta which describe a pattern of conduct", or by showing systemic or "grossdeficiencies in staff, facilities, equipment" or peocedures, regardless of prison and treatment official's motives.

Thank you for your time, attention and understanding and for allowing this addendum to case added the Court record.

Respectfully submitted,

*Terry Traylor*, Pro se Plaintiff

I. Terry Traylor, hereby certify under penalty of perjury that the foregoing statements made by me are true and correct.

Date: July 21, 2018

*Terry Traylor*, Pro se Plaintiff

CC: File

3

Mr. Terry Traylor # 224
East Jersey State Prison
Administrative Segregation Building
Special Treatment Unit
8 Production Way
P.O. Box CN 905
Avenel, New Jersey 07001-0905

BY DANIELS
NJ 070
23 JUL '18
PM 1 L

$000.68⁰
JUL 23 2018
MAILED FROM ZIP CODE 07001

X-RAYED

Mr. William T. Walsh, Clrek
c/o Hon. Judge Madelene Cox Arieo, (U.S.D.J.)
Office of the Clerk
United States District Court
District of New Jersey
50 Walnut Street
P.O. Box 419
Newark, New Jersey 07101-0419

2018 JUL 25 P 2: 15
RECEIVED
DISTRICT OF NEW JERSEY
U.S. DIST. COURT